IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:11-CR-361-L** |
| | § | |
| **MANASSEH ADRIEL PHILIP** | § | |

### MEMORANDUM OPINION AND ORDER

Before the court are the Motion to Compel, filed November 27, 2012; "Omnibus Motion to Modify Sentence 18 U.S.C. 3582(c)(1)(B)/Petition for Writ of Mandamus," filed December 3, 2012; and "Motion for New Trial Rule 33(b)(1)," filed December 7, 2012. All three motions were filed by Defendant Manasseh Adriel Philip ("Philip"). After carefully reviewing the motions and applicable law, the court **denies** Philip's Motion to Compel (Doc. 54), "Omnibus Motion to Modify Sentence 18 U.S.C. § 3582(c)(1)(B)/Petition for Writ of Mandamus" (Doc. 55), and "Motion for New Trial Rule 33(b)(1)" (Doc. 56).

**I.     Background**

Philip is a native and citizen of Sri Lanka. On February 23, 2012, Philip entered a plea of guilty in this criminal action to Count One of the Indictment for Illegal Reentry after Removal from the United States in violation of 8 U.S.C. § 1326(a) and (b)(2), which was accepted by the court on May 15, 2012. On July 18, 2012, Philip filed a motion to withdraw his guilty plea, which the court denied on August 16, 2012.

Philip originally entered the United States on August 11, 1982, after being issued a six-month visitor visa on July 6, 1982. On August 20, 1983, Philip married a United States citizen in Wilmer,

Texas. Philip subsequently applied on September 8, 1983, for permanent resident alien status, which was granted on February 15, 1984.

On July 12, 1988, Philip was convicted in the 283rd Judicial District Court, Dallas County, Texas, of aggravated sexual assault of a child under fourteen, for which he received a sentence of five years confinement. The 283rd District Court also convicted Philip of indecency with a child younger than seventeen, for which he received a sentence of two years confinement. Philip served over two years imprisonment for these convictions. In 1993, Philip filed a state writ challenging his conviction for aggravated sexual assault of a child under fourteen. The writ was denied by the Texas Court of Criminal Appeals on January 26, 1994. *See Ex Parte Philip*, WR-25, 176, 01 (Tex. Crim. App. Jan. 26, 1994).

In June of 1990, the Immigration and Naturalization Service ("INS") issued an Order to Show Cause and Notice of Hearing charging Philip with deportability as an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct pursuant to 8 U.S.C. § 1251(a)(4).[1] Philip sought a waiver of deportability under section 212(c) of the Immigration and Nationality Act ("INA"). On January 31, 1992, the Immigration Judge denied Philip's request for section 212(c) relief, revoked his permanent residency status, and ordered him to be deported. Philip appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). On April 30, 1997, the BIA dismissed the appeal.

While Philip's appeal to the BIA was pending, two new laws amending the INA were passed: the Anti Terrorism and Effective Death Penalty Act ("AEDPA"), passed on April 24, 1996, and the

---

[1] This section of Title 8 has been amended, and the provision providing for the deportability of aliens convicted of certain crimes is now set forth in 8 U.S.C. § 1251(a)(2).

**Memorandum Opinion and Order – Page 2**

Illegal Immigration Reform and Immigrant Responsibility Act of 1996, passed on September 30, 1996. When the BIA addressed Philip's appeal, it determined that, because of his felony convictions, he was not eligible for section 212(c) relief under the newly passed AEDPA. The BIA further determined that Philip's aggravated felony conviction prevented him from being granted asylum under 8 U.S.C. § 1158, and also made him ineligible for withholding of deportation according to 8 U.S.C. § 1253(h).

On March 7, 2012, Philip filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and Motion for Temporary Restraining Order.  The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 26, 2012, recommending that Philip's Motion for Temporary Restraining Order be denied, his habeas petition as to his pretrial detention and prosecution be dismissed without prejudice for failure to exhaust state remedies, and his habeas challenge as to his past and future deportation be dismissed without prejudice for lack of jurisdiction. *Philip v. Cruz*, Nos. 3:11-CR-0361-L, 3:12-CV-0698-L(BH), 2012 WL 1413432 (N.D. Tex. Mar. 26, 2012), *report accepted by* 2012 WL 1423656 (N.D. Tex. Apr. 24, 2012).  Philip did not file objections to the Report.  By order dated April 24, 2012, this court determined that the findings and conclusions of the magistrate judge were correct, and accepted them as those of the court, denied Philip's Motion for Temporary Restraining Order, denied without prejudice his Petition for Writ of Habeas Corpus, and dismissed the action without prejudice.  *Id.*

On April 22, 1998, Philip filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking United States District Judge Jorge A. Solis to temporarily enjoin his detention and deportation pending a review of the BIA's April 1, 1997 decision ordering him to be deported to Sri

Lanka. By order dated April 30, 1998, Judge Solis denied the application for writ of habeas corpus, reasoning that:

> Even assuming that the Court has jurisdiction over Petitioner's habeas corpus petition, Petitioner fails to assert facts which would demonstrate that his deportation would result in a fundamental miscarriage of justice. Petitioner does not dispute that he was convicted of two felonies, one of which was an aggravated felony. Further, 8 U.S.C. § 1251(a)(2)(A) provides that an alien committed of certain enumerated crimes, including crimes of moral turpitude and aggravated felonies, is deportable. In addition, 8 U.S.C. § 1105a(a)(10) explicitly prevents review of a final order of deportation against an alien who is deportable for having committed a criminal offense enumerated in Section 1251(a)(2). The Immigration Judge considered Petitioner's request for 212(c) relief and accepted testimony on the matter, but denied this request and ordered Petitioner deportable due to his convictions.
>
> Based on the language found in certain sections of the Immigration and Naturalization Act after the 1996 amendments, Congress intended aliens convicted of certain crimes to be subject to deportation. Petitioner was given due process before the Immigration Judge, and the BIA ruled that the 1996 amendments prevented the BIA from considering any attack of the Immigration Judge's ruling. The Court is unconvinced by Petitioner's various legal arguments and finds that these fail to meet the standard of a "manifest miscarriage of justice" such as to allow habeas relief.

*Philip v. District Director, United States INS*, No. 3:98-CV-0987-P, 1998 WL 241272, at *3 (N.D. Tex. Apr. 30, 1998). Philip appealed the denial of his habeas application to the Fifth Circuit. The appeal was dismissed on March 8, 2000, for lack of jurisdiction. Thereafter, the Supreme Court denied Philip's request for leave to file a petition for writ of certiorari out-of-time. *Philip v. District Dir., INS*, 531 U.S. 806 (2000). Philip was ultimately deported to Sri Lanka on April 20, 1999. On May 31, 2000, he applied for reentry to the United States at the United States Embassy in Mexico City, Mexico. The application was denied the same day.

On August 12, 2002, Philip moved to reopen his habeas proceeding relying on *INS v. St. Cyr*, 533 U.S. 289 (2001). Judge Solis construed Philip's *pro se* motion as seeking relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Philip*, No. 3:98-CV-0987-P

(Doc. 20). In ruling on and denying the Rule 60(b) motion on August 29, 2002, Judge Solis noted that the Supreme Court in *St. Cyr* had "held that despite its repeal, section 212(c) relief remains available for those aliens 'whose convictions were obtained through plea agreement and who, notwithstanding those convictions, would have been eligible for section 212(c) relief at the time of their plea under the law then in effect.'" *Id.* (quoting *St. Cyr*, 533 U.S. at 325). Judge Solis nevertheless determined that Philip was not entitled to relief under Rule 60(b)(5) because *St. Cyr* was decided after his prior ruling. Citing the holding in *St. Cyr*, Judge Solis also concluded that Philip may not be eligible for such relief because he did not plead guilty to the two prior offenses but instead was convicted of the offenses. Philip again appealed, and the Fifth Circuit affirmed concluding:

> Philip is correct that, under *St. Cyr*, he was entitled to apply for discretionary relief. The record, however, reveals that Philip's application for discretionary relief was, in fact, considered by the immigration judge, who denied the request on the merits. The immigration judge concluded that Philip had fallen "woefully short of meeting the required burden" for discretionary relief because he had abused, and failed to economically support, his family; continued to deny responsibility for his actions; and failed to demonstrate rehabilitation. None of the evidence of subsequent rehabilitation now cited by Philip was before the immigration judge or the Board of Immigration Appeals. Thus, *St. Cyr* does not entitle Philip to anything he has not already received.

*Philip v. Estrada*, 64 F. App'x 417 (5th Cir. Mar 19, 2003) (per curiam) (unpublished).

On November 27, 2012, Philip filed another motion for reconsideration under Rule 60(d), contending that the court's August 29, 2002 order amounted to a "fraud upon the court." *Philip*, No. 3:98-CV-0987-P (Doc. 25 at 2; Doc. 26 at 1). Philip also argued that his deportation was tainted and that the crime which was the basis of his underlying state conviction and subsequent deportation "never occurred." *Id.* (Doc. 25 at 3). In addition, Philip contended that Judge Solis should recuse

himself from the case based on his prior decision. Judge Solis determined that Philip could not show fraud on the court within the meaning of Rule 60(d)(3) based on the mere denial of his motion to reopen, which was affirmed by the Fifth Circuit. Judge Solis further concluded that Philip had failed to provide any evidence of any fraudulent conduct and could not seek recusal based on a prior decision of the court.

On October 24, 2012, Philip initiated another federal habeas proceeding pursuant to 28 U.S.C. § 2254, alleging constitutional violations by the State of Texas with regard to his state court convictions. *Philip v. Rick Thaler-Director TDC*, No. 3:12-CV-4289-B. Philip had not yet been sentenced for the illegal reentry offense contends in his habeas petition that federal question jurisdiction exists under 18 U.S.C. § 3582(c)(1)(B) to "'modify' the sentence imposed in United States v. Philip, 3:11-CR-361-L . . . for violations of 8 U.S.C. § 1326(a) & (b)(2)." *Id.* (Doc. 3 at 1). On December 12, 2012, Philip filed a motion to compel in the habeas action, complaining about alleged obstructions of official proceedings due to his pleadings being returned by the United States Postal Service as "used" in violation of 18 U.S.C. § 1702 and 1708. The motion to compel was denied by electronic order entered on December 14, 2012. Philip's habeas petition in this case had not yet been decided as of the date of this order.

On October 29, 2012, Philip was sentenced by this court in *United States v. Philip*, Case No. 3:11-CR-361-L, for the illegal reentry offense to a sixty-month term of imprisonment. At the sentencing hearing, Philip's daughter Maria Ahuja, one of Philip's victims, and Victoria Philip, Philip's ex-wife, both testified on his behalf. They both argued against Philip's deportation on the grounds that he was innocent of the state sexual offense conviction. The court determined that the credibility of these witnesses was significantly diminished and gave little weight to their testimony

in sentencing Philip because Victoria Philip had previously submitted a sworn affidavit in 1994 in Philip's immigration deportation proceeding, testifying "that during our marriage Manassah was verbally and physically abusive to us and sexually abused our children." In addition, Maria Ahuja was a toddler at the time of the offense.

Before being sentenced, Philip filed a motion on February 13, 2012, to withdraw his guilty plea pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure in order to contest the legality of his April 20, 1999 deportation. *Id.* (Doc. 26 at 1). Philip admitted that he had reentered the United States illegally after being deported but contended that he was innocent of the charge because his 1999 deportation was illegal under the Supreme Court's December 12, 2011 decision in *Judulang v. Holder*, 132 S. Ct. 476 (2011). *Id.* Based on this and other intervening changes in the law under *INS v. St. Cyr*, 533 U.S. 289 (2001), Philip argued that he was entitled to retroactively attack the 1999 deportation order that concluded he was not eligible for relief under section 212(c) of the INA. Philip stated that if his motion was granted, he did not want a jury trial but instead would rely only on a motion to dismiss the indictment contesting the legality of his deportation.

On August 2, 2012, the United States of America ("United States") filed a response in opposition to Philip's motion and request to withdraw his guilty plea. The United States argued that the factors applicable to motions to withdraw guilty pleas weigh against Philip, and he had not met his burden of demonstrating a fair and just reason for withdrawing his guilty plea. In response to the United States's opposition, Philip acknowledged that the "government['s] statement of the factual background is correct as far as it goes." Doc. 28 at 1. Because Philip did not dispute the factual background set forth in the United States's response and the court determined that the factual and

procedural background of this case was pertinent to its analysis, the court incorporated that background in its order as follows:

> Manasseh Philip is a citizen of Sri Lanka. On July 12, 1988, Philip was convicted of aggravated sexual assault of a child under 14 and sentenced to five years confinement in the Texas Department of Corrections. Philip was then placed into immigration proceedings and was ultimately ordered deported by an Immigration Judge ("IJ") on January 31, 1992, following a hearing on the merits of his application for relief under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c). Philip appealed the decision of the IJ, but his appeal was dismissed by the Board of Immigration Appeals on April 30, 1997. Philip then filed a petition for writ of habeas corpus. On April 30, 1998, the Honorable Judge Solis denied the writ, finding that Philip received sufficient due process in administrative proceedings and that he failed to meet his burden to show habeas relief was warranted. On April 20, 1999, Philip was deported to Sri Lanka.
>
> Sometime thereafter, Philip reentered the United States. On or about November 30, 2011, he was arrested and charged with Illegal Reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). On February 13, 2012, Philip filed a factual resume admitting to each element of the crime of Illegal Reentry. On February 23, 2012, Philip appeared with counsel and pled guilty before a United States Magistrate Judge.
>
> On or about March 7, 2012, Philip filed a *pro se* motion for writ of habeas corpus. On March 26, 2012, United States Magistrate Judge Irma Ramirez recommended that this petition be denied. Judge Lindsay accepted such recommendation and denied the petition on April 24, 2012. Thereafter, Philip retained his present counsel and on July 18, 2012, filed the instant motion to withdraw his guilty plea. In his motion, Philip "continues to admit that he has reentered after deportation," but contests the legality of his 1999 deportation based on Supreme Court decisions issued in 2001 and 2011.

Doc. 27 at 1-2 (citations omitted). The court rejected Philip's legal arguments based on *St. Cyr* and *Judulang* because he sought retroactive relief from a previously valid deportation order based on an intervening change in the law that occurred long after he was deported. For this and other reasons set forth in the court's August 16, 2012 order, the court determined that the totality of circumstances did not establish a fair and just reason for allowing Philip to withdraw his guilty plea. The court therefore declined Philip's request to revisit his previously executed deportation order and denied

his Motion to Withdraw Guilty Plea. *United States v. Philip*, No. 3:11-CR-361-L, 2012 WL 3529606 (N.D. Tex. Aug. 16, 2012).

On November 5, 2012, Philip appealed his conviction for illegal reentry to the Fifth Circuit. That appeal has not yet been decided. On November 8, 2012, Philip filed a Motion to Arrest Judgment under Rule 34 of the Federal Rules of Criminal Procedure. The court determined that the motion was untimely and lacked jurisdiction to entertain it.

On November 27, 2012, Philip filed a Motion to Compel, contending that he has a fundamental constitutional right to use e-mail to communicate with his counsel and family while imprisoned and the Federal Bureau of Prisons has denied him this right. On December 3, 2012, Philip filed his "Omnibus Motion to Modify Sentence 18 U.S.C. § 3582(c)(1)(B)/Petition for Writ of Mandamus." On December 7, 2012, Philip filed his "Motion for New Trial Rule 33(b)(1)." As explained herein, the court determines that all three of these motions should be denied.

**II.    Discussion**

    **A.    Motion to Modify Sentence Under 18 U.S.C. § 3582(c)(1)(B) and Request for Writ of Mandamus**

        **1.    Section 3582(c)(1)(B) Relief**

Philip contends that his term of imprisonment should be modified under 18 U.S.C. § 3582 (c)(1)(B) because: (1) his plea of guilty was entered involuntarily and his sentencing procedure was unlawful; (2) the court did not liberally construe his prior Rule 34 Motion to Arrest Judgment that was filed in this criminal action as a motion for reconsideration and the government obstructed justice by allegedly failing to provide him with a copy of its response to the postjudgment motion; (3) the court did not liberally construe his former habeas petition in *Philip v. Cruz*, Case No. 3:12-

CV-698-L, as a Rule 34 motion to arrest judgment; (4) the government failed to address and present all alleged fraud committed by the State of Texas and relevant facts to the sentencing court; and (5) Philip's retained trial counsel Richard Prinz ("Prinz") allegedly "instructed witnesses Maria Ahuja and Vickie Borough to offer false testimony, which they both refused to comply with, on record."[2] Doc. 55 at 6.

Under section 3582 (c)(1)(B), the court may modify an imposed term of imprisonment if "expressly permitted by statute or Rule 35 of the Rules of Criminal Procedure." 18 U.S.C. § 3582 (c)(1)(B). Rule 35 of the Federal Rules of Criminal Procedure permits the court to correct within 14 days a sentence that "resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35. The time limit for modifying a sentence under Rule 35 is jurisdictional. *See United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir.1997).

Philip was sentenced on October 29, 2012, and Philip did file the instant motion until December 3, 2012. Thus, any request for relief by him under Rule 35 is untimely because it was made more than fourteen days after sentencing. Moreover, Philip does not move to correct an arithmetical, technical or clerical error in his sentence but instead seeks to modify his sentence based upon substantive grounds. Accordingly, Philip is not entitled to relief under Rule 35 and the court lacks jurisdiction to consider any such request. Philip also has not identified any statute that would expressly allow modification of his sentence in the circumstances he alleges. As such, the motion for modification of sentence under 18 U.S.C. § 3582(c)(1)(B) must be denied.

---

[2] Philip's reference to Vickie Borough appears to refer to his ex-wife Victoria Philip.

**Memorandum Opinion and Order – Page 10**

### 2. Writ of Mandamus

In his Petition for Writ of Mandamus, filed pursuant to Rule 81(b) of the Federal Rules of Civil Procedure, Philip requests this court to vacate his sentence and order his immediate release from prison based on the matters alleged in support of his request for section 3582(c)(1)(B) relief. Philip contends in conclusory fashion, "It is completely unreasonable to continue to detain [him] in federal custody, in light of all allegations of fraud, as pled herein, and in light of the imminent danger presented to [him], and the history of retaliation against witnesses caused by the Federal Bureau of Prisons on litigants." Mot. 7. Philip further asserts that "judicial intervention is mandated, to protect [him] and his 'agents' from acts of retaliation." *Id*. For support that he is entitled to the relief requested because of alleged retaliation, Philip cites *Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999).

"Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). In the case cited by Philip, the court explained:

> To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. The inmate must allege more than his personal belief that he is the victim of retaliation. Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim. "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Further, if the inmate is unable to point to a specific constitutional right that has been violated, the claim will fail.

*Id*. at 324-25.

**Memorandum Opinion and Order – Page 11**

Philip's conclusory allegations regarding fraud and retaliation are insufficient to warrant the relief requested. Moreover, Philip does not point to any specific constitutional right that has been violated. The court will therefore deny his request for relief under Rule 81(b).

### B.     Rule 33 Motion for New Trial

Philip contends he is entitled to a new trial "based on newly discovered evidence of an invalid sentencing procedure, and violation of the 'intent of Congress' in right secured by 18 U.S.C. § 3553(a) and 3661." Def.'s Mot. 1. Some of the specific arguments asserted in the motion for new trial are similar to those asserted in Philip's "Omnibus Motion to Modify Sentence/Petition for Writ of Mandamus" and Philip incorporates those arguments in his motion for new trial. Philip contends that: (1) his guilty plea was entered involuntarily because his former counsel Carlton McClarty allegedly gave false information regarding the illegal reentry offense, failed to explain his rights and defenses to this offense, and ignored or refused to withdraw Philip's guilty plea after being instructed to do so; (2) "the U.S. Attorney's Office and retained counsel, Richard Prinz, would engage in collusion to tamper with witnesses Maria Ahuja and Vickie Borough in a failed attempt to suborn perjury"; (3) "These pleadings were obstructed by impeding certified mail number 7012-0470-0000-5102-2319 by false claims two of the stamps on the envelope were used stamps, subject of criminal complaint to the U.S. Postal Inspection Service and FBI Officials in Washington, D.C."; (4) "The record indicates that a recent Motion to Arrest Judgment was not liberally construed as a Motion for Reconsideration of the dismissal of <u>Philip v. Cruz-Warden</u>, 3:12-CV-0698-L (N.D. Texas), which is also 'newly discovered evidence'"; and (5) "On November 8, 2012, district judge Richard Magnis issued a court order in <u>Ex Parte Manasseh Philip</u>, W88-81768-T(B), which also constitutes newly discovered evidence of a concerted effort to deprive the movant of a trial by jury, and a defense

allowed by 8 U.S.C. § 1326(d)(2)." Def.'s Mot. 2-3 (internal quotations omitted). For these reasons, Philip asserts that he was "purposefully deprived of his constitutional right to due process . . . and improperly deprived of the opportunity for judicial review of his deportation proceedings." *Id*. at 3 (internal quotations omitted).

Rule 33 of the Federal Rules of Criminal Procedure provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Fed. R. Crim. P. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. *If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case*." Fed. R. Crim. P. 33(b)(1) (emphasis added). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

By its express terms Rule 33 applies only when a defendant had a trial and does not apply when the defendant entered a plea of guilty or nolo contendere. *See United States v. Prince*, 533 F.2d 205, 208 (5th Cir. 1976) (holding that Rule 33 is not applicable when the defendant previously entered a plea of nolo contendere); *Williams v. United States*, 290 F.2d 217, 218 (5th Cir. 1961) ("A motion for new trial would not be the way of raising the question of the validity of the plea of guilty.") (citation omitted). Because a trial did not take place in this case and Philip entered a plea of guilty, Rule 33 does not apply and he is not entitled to a "new trial."

Moreover, even if Philip was entitled to seek relief under Rule 33, the court is not convinced that the matters he relies on qualify as "new discovered evidence," and if grounded on reasons other

**Memorandum Opinion and Order – Page 13**

than newly discovered evidence, the motion is untimely because it was filed several months after Philip's plea of guilty on February 23, 2012. Finally, as previously noted, Philip has appealed his conviction for illegal reentry to the Fifth Circuit and that appeal has not yet been decided. Thus, even if Philip was entitled to a new trial, the court could not grant such a motion until the appellate court remands the case. Fed. R. Crim. P. 33(a)(1). For all of these reasons, the court will deny Philip's Motion for New Trial under Rule 33.

### C. Motion to Compel

As previously noted, Philip contends that the Federal Bureau of Prisons has denied him his fundamental constitutional right to use e-mail while imprisoned to communicate with his counsel and family. Philip therefore contends that the court should enter an order reinstating his "email privileges." Def.'s Mot. 1-2. The court disagrees.

"An inmate has no constitutional right to email access." *Burr v. Keffer*, No. 11-CV-1540, 2011 WL 6099608, at *3 (W.D. La. Nov. 17, 2011), report accepted by 2011 WL 6099568 (W.D. La. Dec. 6, 2011) (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)). Even Philip acknowledges that his access to e-mail while imprisoned is a "privilege" rather than a right. Accordingly, Philip is not entitled to an order reinstating his "email privileges."

## III. Conclusion

For the reasons herein explained, the court **denies** Philip's Motion to Compel (Doc. 54), "Omnibus Motion to Modify Sentence 18 U.S.C. § 3582(c)(1)(B)/Petition for Writ of Mandamus" (Doc. 55), and "Motion for New Trial Rule 33(b)(1)" (Doc. 56).

**It is so ordered** this 4th day of January, 2013.

                                               _____
                                               Sam A. Lindsay
                                               United States District Judge